UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

FLOYD MCGARRELL,

                Plaintiff,

-against-

CORRECTIONAL OFFICER ARIAS #3856,

                Defendant.

------------------------------------- x



MEMORANDUM DECISION
AND ORDER

18 Civ. 2273 (GBD) (HBP)

GEORGE B. DANIELS, United States District Judge:

      Plaintiff Floyd McGarrell, *pro se*, brings this action against Defendant Correctional Officer Arias #3856 asserting use of excessive force and related claims stemming from handcuffing that occurred while Plaintiff was in the custody of the New York City Department of Corrections (the "DOC") on Rikers Island as a pretrial detainee.[1] (*See* Compl., ECF No. 2.) Defendant moves to dismiss the complaint for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.[2] (ECF No. 15.) Before this Court is Magistrate Judge Henry B. Pitman's March 1, 2019 Report and Recommendation (the "Report," ECF No. 24), recommending that the motion to dismiss be granted.[3] (*Id.* at 15.) In his Report, Magistrate Judge Pitman informed the parties

---

[1] Plaintiff's complaint also names the DOC as a Defendant. However, by the Order of Service dated April 17, 2018, this Court dismissed Plaintiff's claims against the DOC because an agency of the City of New York is not an entity that can be sued. (*See* Order of Service, ECF No. 7, at 2.) (citations omitted).

[2] Plaintiff has not opposed Defendant's motion. On October 17, 2018, Magistrate Judge Pitman issued an Order noting that Plaintiff had "not responded to Defendant's motion," informing Plaintiff that "the absence of opposition from [P]laintiff makes it substantially more likely that the motion to dismiss will be granted," and extending Plaintiff's time to respond to November 16, 2018. (Order dated Oct. 17, 2018, ECF No. 22, at 1.) Plaintiff did not file a response.

[3] The relevant factual and procedural background are set forth in greater detail in the Report, which is incorporated by reference herein.

that failure to file timely objections would constitute a waiver of those objections on appeal. (*Id.* at 16.) No objections have been filed.

The Report is ADOPTED. Defendant's motion to dismiss is GRANTED.

## I. LEGAL STANDARDS

A court "may accept, reject, or modify, in whole or in part, the findings or recommendations" set forth within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citation omitted). The clear error standard also applies when a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (quoting *Rodriguez v. Colvin*, No. 12 Civ. 3931 (RJS) (RLE), 2014 WL 5038410, at *3 (S.D.N.Y. Sept. 29, 2014)). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted).

## II. PLAINTIFF FAILS TO STATE A CLAIM

Magistrate Judge Pitman construes Plaintiff's complaint to allege claims for excessive force, deliberate indifference to medical needs, and common law assault. (Report at 3–4.) Magistrate Judge Pitman correctly found that Plaintiff fails to state claims for excessive force and deliberate indifference and that this Court may decline to exercise supplemental jurisdiction over Plaintiff's common law assault claim. (*Id.* at 15.)

2

As discussed in greater detail in the Report, Plaintiff alleges that Defendant used excessive force when handcuffing Plaintiff behind his back. (*Id.* at 3 (citing Compl. at 5); *see also id.* at 10.) "In evaluating claims for excessive force based on handcuffing, courts in this [c]ircuit generally consider (1) whether the handcuffs were unreasonably tight; (2) [whether] the defendants ignored the plaintiff's pleas that the handcuffs were too tight; and (3) the degree of injury to the wrists." *Soto v. City of New York*, No. 13 Civ. 8474 (LTS) (JLC), 2017 WL 892338, at *4 (S.D.N.Y. Mar. 6, 2017) (citation and internal quotation marks omitted). Magistrate Judge Pitman correctly found that Plaintiff fails to state an excessive force claim. Plaintiff does not allege that he complained that the handcuffs were too tight, and his alleged injuries—a cut on the side of, and swelling of, his left wrist—are not sufficiently severe to sustain an excessive force claim. (Report at 9–11); *see also Higginbotham v. City of New York*, 105 F. Supp. 3d 369, 377 (S.D.N.Y. 2015) (collecting cases in which bruising, cuts, and swelling were found insufficient to sustain an excessive force claim). As Magistrate Judge Pitman notes, Plaintiff's allegation that Defendant "bended [sic] [P]laintiff's hand upright into the cuffs" could be read to suggest that Defendant intentionally inflicted pain on Plaintiff. (Report at 11 (citing Compl. at 5.) However, Magistrate Judge Pitman correctly found that because Plaintiff did not allege that he had suffered any further injury from the maneuver and was handcuffed for a relatively short period, this allegation does not elevate Plaintiff's claim to the level of a constitutional violation. (Report at 11–12 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973)) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights.").)

Additionally, Magistrate Judge Pitman correctly found that Plaintiff fails to state a claim for deliberate indifference to medical needs. (*Id.* at 13.) To state such a claim, Plaintiff "must plead facts showing that [1] [he] had a serious medical condition and [2] that it was met with

3

deliberate indifference." *Bruno v. City of Schenectady*, 727 F. App'x 717, 720 (2d Cir. 2018) (quoting *Cuoco v. Moritsugu*, 222 F.3d 99, 106 (2d Cir. 2000)). Deliberate indifference requires a showing that the defendant "acted *intentionally* to impose the alleged condition, or *recklessly* failed to act with reasonable care to mitigate the risk that the condition posed . . . even though the [defendant] *knew, or should have known,* that the condition posed an excessive risk to health or safety." *Id.* (citing *Darnell v. Pineiro*, 849 F.3d 17, 35 (2d Cir. 2017)). Here, Magistrate Judge Pitman correctly found that Plaintiff's alleged injuries were not sufficiently "serious" to form the basis of a deliberate indifference claim. (Report at 13.)

Magistrate Judge Pitman further correctly found that Plaintiff fails to state a deliberate indifference claim based on a delay in receiving treatment for his injuries. (*Id.* at 14.) When a deliberate indifference claim is premised on a "temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged *delay or interruption* in treatment rather than the prisoner's *underlying medical condition* alone . . . ." *Smith v. Carpenter*, 316 F.3d 178, 185 (2d Cir. 2003). "[W]here a delay in providing medical attention is neither the underlying cause of a plaintiff's condition nor contributed to a worsening in the condition," courts have found that plaintiffs have not made the requisite showing of a serious medical condition. *Smith v. City of New York*, No. 15 Civ. 7910 (GHW), 2016 WL 7471334, at *4 (S.D.N.Y. Dec. 28, 2016) (collecting cases).

Although Plaintiff alleges that he waited an hour to receive treatment, he does not allege that his injuries were exacerbated by the delay. (Report at 14.) Thus, Plaintiff has not alleged that the delay constituted a sufficiently serious deprivation of medical care to form the basis of a deliberate inference claim. Magistrate Judge Pitman also correctly notes that even if the delay in medical care could be considered serious, Plaintiff fails to allege that Defendant acted with

4

deliberate indifference, because Plaintiff has not alleged that the delay was intentional or that Defendant knew or should have known the delay posed an excessive risk to Plaintiff's health or safety. (*Id.*)

Magistrate Judge Pitman also correctly found that because Plaintiff fails to state any claims under federal law, this Court may decline to exercise supplemental jurisdiction over Plaintiff's state law assault claim. (Report at 14); *see also, e.g., Agostinello v. Great Neck Union Free Sch. Dist.*, 353 F. App'x 589, 591 (2d Cir. 2009) (noting that a district court may "properly decline[] to exercise supplemental jurisdiction over [a plaintiff's] state law . . . claim" when it has "dismissed all claims over which it ha[s] original jurisdiction") (internal citations omitted).

### III. CONCLUSION

The Report is ADOPTED. Defendant's motion to dismiss, (ECF No. 15), is GRANTED.[4] The Clerk of Court is directed to close the motion accordingly.

Dated: New York, New York
March 18, 2019

MAR 1 9 2019

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

---

[4] Magistrate Judge Pitman recommends that if Defendant's motion is granted, Plaintiff should be given leave to file an amended complaint. (Report at 15.) Plaintiff may seek leave to file an amended pleading by letter application with a proposed amended complaint within thirty days, if such amendment would not be futile.

5